

**ORDERED in the Southern District of Florida on November 17, 2014.**

Laurel M. Isicoff, Judge
United States Bankruptcy Court

---

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

IN RE:
YVON JEROME                                          CASE NO: 13-23109-LMI
    Debtor.                                          CHAPTER 13

_____/

## AGREED ORDER GRANTING DEBTOR'S MOTION TO VALUE AND DETERMINE SECURED STATUS OF LIEN ON REAL PROPERTY HELD BY BANK OF AMERICA, N.A.

THIS CASE came to be heard upon the Debtor's Motion to Value and Determine Secured Status of Lien on Real Property Held by BANK OF AMERICA, N.A. [DE#80]. Based upon the debtors assertions made in support of the Motion and the parties having agreed to relief set on this Order, the Court FINDS as follows:

    A.    The value of the debtor's real property (the "Real Property") located at

745-747 NW 34th Street, Miami, FL 33127, and more particularly described as

**LOT 23, BLOCK 1, SUWANNEE PARK, ACCORDING TO THE PLAT THEREOF, RECORDED IN PLAT BOOK 12, PAGE 69, OF THE PUBLIC RECORDS OF MIAMI-DADE COUNTY, FLORIDA. PARCEL NUMBER 01 31260080200.**

is $ 130,000.00 at the time of the filing of this case.

B.      The total of all claims secured by liens on the Real Property Senior to the Lien of BANK OF AMERICA, N.A. (the "Lender") is $0.00.

C.      The equity remaining in the Real Property after payment of all claims secured by liens senior to the lien of lender is $130,000.00 and lender has a secured interest in the Real Property in such amount.

Consequently, it is **ORDERED** as follows:

1.      The Motion is **GRANTED**.

2.      Lender has an allowed secured claim in the amount of $130,000.00 for the mortgage recorded at or Book 26064 Pages 835-848, in the official records of Miami Dade County Florida, at 5.25% interest for a principle and interest total of $148,090.80.  This total amount is subject to change if the number of months paid is less than 60 months.

3.      (Select only one):

_ _      Lender has not filed a proof of claim in this case.  The trustee shall not disburse any payments to Lender unless a proof of claim is timely filed.  In the event a proof of claim is timely filed, it shall be classified as a secured claim in the amount stated in paragraph 2, above, and as a general unsecured claim for any amount in excess of such secured claim, regardless of the original classification in the proof of claim as filed.

or

_ X_      Lender filed a proof of claim in this case.  It shall be classified as a

LF-92 (rev. 01/08/10)

secured claim in the amount provided in paragraph 2, above, and as a general unsecured claim in the amount of $259,214.28, regardless of the original classification in the proof of claim as filed.

5. The Real Property may not be sold or refinanced without proper notice and further order of the Court.

6. Debtors are responsible for their own taxes and insurance payments, and proof thereof will need to be provided to Creditor, for the duration of the Chapter 13 case.

7. Notwithstanding the foregoing, this Order is not recordable or enforceable until the debtor receives a discharge in this chapter 13 case.

##

Submitted By:

<u>Aubrey Rudd, Esquire</u>
Foreclosure Defense Team
2100 Coral Way, Suite 602
Miami, Florida 33145
Telephone: 786-360-6733

Attorney Aubrey Rudd, Esquire is directed to serve a conformed copy of this Order on all interested parties immediately upon receipt hereof and to file a certificate of service.